## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

IN RE:

SOUTHERN PAIN INSTITUTE, P.C.

      Debtor.

CASE NO. 15-11593-WHD

CHAPTER 11

## MOTION FOR AN ORDER AMENDING THE ORDER AUTHORIZING EMPLOYMENT OF ACCOUNTANTS AND FINANCIAL ADVISORS

COMES NOW John A. Thomson, Jr. (the "Trustee"), the duly appointed Chapter 11 Trustee for Southern Pain Institute, P.C., debtor in the above-captioned action (the "Debtor" or "SPI") and, pursuant to 11 U.S.C. §§ 105, 327 and 328, Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Rule 2014-1 of the Local Rules, herewith submits his "Motion for an Order Amending the Order Authorizing Employment of Accountants and Financial Advisors" (the "Motion"). In support of his Motion, the Trustee respectfully shows this Court as follows:

### I.      Jurisdiction And Venue

1.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.

This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.

Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.

The statutory bases for the relief requested herein are i) Sections 327 and 328 of Title 11 of the United States Code (the "Bankruptcy Code"); ii) Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and iii) Rule 2014 of the Local Rules for the United States Bankruptcy Court for the Northern District of Georgia (the "Local Rules").

## II.    Background

5.

On July 24, 2015 (the "Petition Date") the Debtor commenced this voluntary case (the "Case") by the filing of petition for relief under Chapter 11 of the Bankruptcy Code.

6.

On February 24, 2016, the Office of the United States Trustee appointed the Trustee as Chapter 11 Trustee for SPI in order to manage SPI's affairs and determine whether it was feasible and appropriate for SPI to reorganize.

2

7.

The Trustee continues in possession of SPI's property, and is in the process of liquidating SPI's business pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

8.

On March 4, 2016, the Bankruptcy Court entered its "Order Authorizing Employment of Accountants and Financial Advisors" (the "Moore Colson Order") [Doc. 83], wherein the Court authorized the Trustee to retain Moore Colson & Company, P.C. ("Moore Colson") as his accountants and financial advisors during this Chapter 11 Case.

9.

The Moore Colson Order authorized the Trustee to retain Moore Colson to do a number of separate functions.  The Moore Colson Order did not, however, specifically authorize the Trustee to utilize Moore Colson as a broker to sell SPI's assets in the event that it became necessary to liquidate SPI's medical practice.

### III.        The Liquidation Of SPI's Assets

10.

On or close to April 15, 2016, the Trustee learned that certain third-party administrators for the United States Medicare program had suspended any further

3

reimbursements to Dr. Anthony Clavo or SPI for services performed on patients insured by Medicare and Medicaid.

11.

Since Medicare/Medicaid patients comprised approximately 43% of SPI's patient base, it quickly became apparent to the Trustee that SPI's cash flow, and thus gross revenues, were going to decrease precipitously.

12.

The Trustee determined that SPI's cash flow from all sources would not be sufficient to sustain SPI's medical operations going forward.  At that time, the Trustee began to consider whether and to what extent he could sell some, or all, of SPI's practice as a going concern.

13.

The Trustee had no experience with the processes and procedures necessary to effectively market and sell a medical practice.  Further, the Trustee had no contacts in the medical community that could expose SPI's practice and assets to the market.

14.

John Reidelbach is a medical practice services expert affiliated with Moore Colson.   Prior to the Trustee reaching the conclusion that he would either have to sell or shut down SPI's practice, Mr. Reidelbach had assisted the Trustee in i)

assessing the finance stability of SPI, ii) addressing the gross inadequacies in SPI's general ledger system and receivables accounting, and iii) beginning concentrated efforts to collect SPI's outstanding accounts receivable.

15.

When SPI's revenues dropped, the Trustee realized that he would have to move quickly to market and sell some, or all, of SPI's practice or he would be forced to shut down SPI's practice. If the Trustee shut down SPI's practice, the Estate would lose any going concern value associated with SPI's practice. Accordingly, the Trustee enlisted Mr. Reidelbach, who was already affiliated with Moore Colson and already employed under the Moore Colson Order, to assist with the marketing of SPI's practice assets.

16.

In light of the highly specialized nature of SPI's business, the Trustee required the services of a skilled and experienced professional who i) could evaluate the nature, strength and market value of SPI's medical practice; and ii) had the requisite contacts in the local medical community to market SPI's practice. Mr. Reidelbach provided this level of expertise.

17.

Since on or about May 1, 2016, Mr. Reidelbach served as a broker to sell SPI's practice. He provided marketing and due diligence services to the Trustee

and the SPI estate.  Those services included: (a) drawing on his connections in the local medical community to locate qualified buyers for SPI's assets; (b) interacting with prospective buyers and facilitating their due diligence process; (c) negotiating a Letter of Intent with Concordia Anesthesiology, Inc. ("Concordia") that defined the general terms under which Concordia would purchase substantially all of SPI's assets from the Trustee; (d) negotiating the terms of an Asset Purchase Agreement (the "Concordia APA") with Concordia; and (e) subsequent to the execution of the Concordia APA, providing due diligence to additional potential qualified buyers in advance of a proposed  auction of SPI's assets.

18.

As a direct result of Mr. Reidelbach's efforts to market SPI's medical assets, on June 3, 2016, the Trustee entered into the Concordia APA.

19.

On June 6, 2016, the Trustee filed an "Expedited Motion to Approve the Sale of Substantially all of the Debtor's Assets Free and Clear of Liens, Claims and Encumbrances Pursuant to 11 U.S.C. § 363" [Doc. 118] (the "Sale Motion"). The Court set a hearing on the Sale Motion for June 30, 2016 at 2 p.m. [Doc. 126].

20.

On June 30, 2016 the Court entered its "Order Authorizing and Approving (A) Sale of Property Free and Clear of Liens, Claims, and

Encumbrances; (B) Transfer of any and all Claims, Liens, Encumbrances and Interests in Sale Assets to Proceeds of Sale; (C) Granting Related Relief" [Doc. No. 143], wherein it authorized the Trustee to complete the sale of the assets associated with SPI's Peachtree City office (the "PTC Assets") to Concordia in accordance with the Concordia APA (the "Sale Transaction"). As a result of the Sale Transaction, the Trustee recovered an additional $300,000.00[1] for the Estate that would not have otherwise been available had he been unable to sell the PTC Assets to Concordia as a going concern.

### IV.        The Commission Due To Moore Colson From The Sale Of The SPI Asssets

21.

In consideration of Reidelbach's services, and subject to the Court's approval, the Trustee has agreed to pay Moore Colson a commission (the "Commission") which will be computed based on five percent (5%) of the $300,000.00 gross sales price of SPI's assets, or $15,000.00. This five percent amount is the usual, ordinary and customary fee paid to brokers of medical practices in similar-sized transactions.

---

[1] The Trustee recognized net proceeds of approximately $247,000.00 after the payment of certain rent cures due for SPI's premises and the premises of SPI's consolidated debtor, Laginappe, LLC. From that amount, the Trustee will pay certain post-petition administrative claims, including final salaries due to the employees.

22.

Moore Colson's engagement as a broker is somewhat outside the specified scope of its engagement as financial advisor and accountant, although a natural adjunct to the services that Reidelbach was performing under the Moore Colson Order prior to the Trustee's decision to market SPI's practice. Out of an abundance of caution, and to insure transparency with the Sale Transaction and disbursement of proceeds from same, the Trustee hereby seeks to amend the Moore Colson Order as outlined in greater detail below.

## V.        Relief Requested

The Trustee is requesting, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014, the entry of an order (the "Amended Moore Colson Order") that i) formally expands the scope of Moore Colson's services to include acting as the Trustee's broker in connection with the Sale Transaction; and ii) authorizes the Trustee to pay to Moore Colson the Commission.

## VI.        Argument And Citation Of Authority

Section 328(a) provides, in relevant part, that a debtor or trustee

…with the court's approval, may employ or authorize the employment of a professional person under section 327 … on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingency fee basis.

8

11 U.S.C. § 328(a).   Numerous courts have recognized that Congress intended Section 328(a) to enable debtors to retain professionals pursuant to specific fee arrangements that could be determined at the time of the court's approval of the retention, subject to review if the terms are found to be inadequate or inappropriate in light of "developments not capable of being anticipated at the time of the fixing of such terms and conditions." *See* Donaldson, Lufkin & Jenrette Sec. Corp. v. Nat'l Gypsum Co. (In re Nat'l Gypsum Co.), 123 F.3d 861, 862-63 (5th Cir. 1997); Henry A. Leonard & Co. v. United States Trustee (In re River Foal, Inc.), 161 B.R. 568, 569 (Bankr. S.D.N.Y. 1993).

## A.    Factors Justifying The Commission

The Commission that the Trustee seeks to pay to Moore Colson in connection  with the Sale Transaction is reasonable in light of (a) the unique nature of the services that Reidelbach and Moore Colson were able to provide in connection with the marketing and sale of the PTC Assets, (b) the unique knowledge that Reidelbach was able to bring to the Sale Transaction, which greatly assisted the Trustee in appropriately valuing the PTC Assets and negotiating the Concordia APA; c) accepted industry norms with regard  to brokerage fees for the sale of medical practices; and (d) market rates charged for comparable services both in and out of Chapter 11.

The Trustee negotiated the terms of the Commission with Reidelbach and Moore Colson in good faith and at arms' length.   The Commission is a true reflection of the Trustee's evaluation of the value that Reidelbach and Moore Colson brought to the Sale Transaction, and thus the Estate.   Given the specialized industry knowledge that Reidelbach used to bring about the Sale Transaction, the ultimate benefit to SPI's estate from Moore Colson's services could not be measured solely by a calculation based on the number of hours that Reidelbach expended in the performance of such services.

## B.   Retroactive Effect

Once the Trustee determined that he could no longer operate SPI indefinitely, he needed to move extremely quickly to engage a broker and market the practice.   When the Trustee's relationship with Reidelbach essentially morphed into the role of broker for the PTC Assets, there was little time to delay Reidelbach's efforts to being marketing, which occurred at or about May 1, 2016. The Trustee requests that this motion be granted retroactively to that date in order to allow Moore Colson to receive the Commission for the services rendered commencing on May 1, 2016 and continuing until the entry of an Order approving the employment of Moore Colson.

WHEREFORE, the Trustee prays for the entry of an Order as follows:

(a)    Amending the Moore Colson Order to authorize Moore Colson to act as a broker for the PTC Assets, as set forth hereinabove;

(b)    Authorizing the Trustee to pay Moore Colson a five percent (5%) commission on the gross sales price from the Sales Transaction, or $15,000.00; and

(c)    For such other and further relief as is just and proper.

Dated this _____ day of July, 2016.

**COHEN, POLLOCK, MERLIN & SMALL, PC**

By:   /s/  Benjamin S. Klehr_____
     Benjamin S. Klehr
     Georgia Bar No. 487931

3350 Riverwood Parkway
Suite 1600
Atlanta, GA 30339
(770) 858-1288
Fax: (770) 858-1277
bklehr@cpmas.com

**Counsel for John A. Thomson, Jr., as duly appointed Chapter 11 Trustee for Southern Pain Institute, P.C.**

11

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

IN RE:

SOUTHERN PAIN INSTITUTE, P.C.

      Debtor.

CASE NO.  15-11593-WHD

CHAPTER 11

## <u>CERTIFICATE OF SERVICE</u>

I, John A. Thomson, Jr., hereby certify, under penalty of perjury, that on June 17, 2016 I caused copies of **Motion for an Order Amending the Order Authorizing Employment of Accountants and Financial Advisors** filed in this bankruptcy matter by First Class U.S. Mail, with adequate postage prepaid, on the persons or entities at the addresses listed below and as indicated in **Exhibit A**:

Southern Pain Institute, PC
1975 Hwy. 54 W
Suite 100
Peachtree City, GA 30269

Jeneane Treace, Esq.
Office of the United States Trustee
362 Richard Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Eric. E Thorstenberg, Esq.
6065 Roswell Road
Suite 621
Atlanta, GA 30328

This 15th day of July, 2016.

JOHN A. THOMSON, JR., CHAPTER 11 TRUSTEE

By:   /s/ John A. Thomson, Jr.
        John A. Thomson, Jr.
        Georgia Bar No. 706760
        Chapter 11 Trustee for Southern
        Pain Institute, P.C.

Cohen Pollock Merlin & Small, P.C.
3350 Riverwood Parkway
Suite 1600
Atlanta, GA 30339
(770) 858-1288

**Exhibit A**

| | |
|---|---|
| Regions Financial Corporation<br>Attn: Tiffini Foster<br>1900 5th Ave N<br>Birmingham, AL 35203-2610 | DeLage Landen Financial Services, Inc.<br>c/o Timothy M. Curtin Esq.<br>2964 Peachtree Rd NW # 200<br>Atlanta, GA 30305-2119 |
| SNH Medical Office Properties Trust<br>c/o Rubin Lubin, LLC<br>3145 Avalon Ridge Place, Suite 100<br>Peachtree Corners, GA 30071 | Blue Cross Blue Shield of GA<br>3350 Peachtree Rd NE<br>Atlanta, GA 30326-1039 |
| Wells Fargo<br>c/o Smith Gambrell & Russell<br>1230 Peachtree St NE<br>Atlanta, GA 30309-3574 | McKesson Medical Surgical<br>8741 Landmark Rd<br>Richmond, VA 23228-2801 |
| eLab Solutions Corporation<br>c/o Keith S. Anderson, Esq.<br>1819 5th Ave N<br>Birmingham, AL 35203-2120 | ALE Enterprise, LLC<br>Attn: Anyer K. Bellomorales<br>180 Shamrock Industrial Blvd<br>Tyrone, GA 30290 |
| CAN Capital<br>Attn: Henry Veasley, III, Colls Mgr<br>2015 Vaughn Rd NW Ste 500<br>Kennesaw, GA 30144-7831 | Regina Falo<br>c/o Delong Caldwell et al<br>101 Marietta St., Suite 3100<br>Atlanta, GA 30303 |
| OnDeck Capital<br>1400 Broadway Fl 25<br>New York, NY 10018-5225 | Christian's Pharmacy<br>1032 Main St<br>Forest Park, GA 30297-1442 |

| | |
|---|---|
| Phillips Medical Capital, LLC<br>1111 Old Eagle School Rd<br>Wayne, PA 19087-1453 | SS Medical Technology Svces., Inc.<br>2629 Cosmos Drive, NE<br>Atlanta, GA 30345 |
| HTA-Camp Creek III, LLC<br>c/o H Jackson Cotney, Jr., Esq.<br>800 Kennesaw Ave NW # 400<br>Marietta, GA 30060-7946 | HTA-Camp Creek III, LLC<br>c/o Victor W. Newmark, Esq.<br>800 Kennesaw Ave NW # 400<br>Marietta, GA 30060-7946 |
| Fayette Co. Tax Com'r<br>140 Stonewall Ave W<br>Fayetteville, GA 30214-1520 | Fulton County Tax Com'r.<br>Attn: Tonya Brown<br>141 Pryor St SW<br>Suite 1113<br>Atlanta, GA 30303-3444 |
| Southern Crescent Personnel<br>7179 Jonesboro Rd Ste. 101<br>Morrow, GA 30260-2907 | Wells Fargo Bank, N.A.<br>c/o John T. Vian, Esq.<br>Smith, Gambrell & Russell, LLP<br>Promenade, Suite 3100<br>1230 Peachtree Street, N.E.<br>Atlanta, Georgia 30309-3592 |
| Amazing Charts, LLC<br>650 Ten Rod Rd Unit 12<br>North Kingstown, RI 02852-4237 | Regions Banks<br>c/o R. Michael Thompson, Esq.<br>c/o Michael B. Pugh, Esq.<br>Thompson, O'Brien, Kemp & Nasuti,<br>P.C.<br>40 Technology Parkway South, Suite 300<br>Norcross, Georgia 30092 |
| Emerald Healthcare Management Serv.<br>c/o Maria A. Lanahan<br>Thompson Coburn LLP<br>One U.S. Bank Plaza<br>St. Louis, MO 63104 | Phillips Medical Capital, LLC<br>c/o Timothy M. Curtin, Esq.<br>2964 Peachtree Rd. NW, #200<br>Atlanta, GA 30305-2119 |

| | |
|---|---|
| Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Rockdale Co. Tax Com'r<br>969 Pine St. NE<br>Conyers, GA 30012-4503 |
| Ackerman Security Systems<br>1346 Oakbrook Drive<br>Norcross, GA 30093-2229 | Medical Management Associates<br>Attn: Michael Himmelstein<br>3330 Cumberland Blvd.<br>Suite 200<br>Atlanta, GA 30339 |
| American Express<br>c/o GC Services LP<br>6330 Gulfton St.<br>Houston, TX 77081 | American Express<br>PO Box 981535<br>El Paso, TX 79998-1535 |
| Anchor Heating & Air Co.<br>6556 Adair Pl.<br>Douglasville, GA 30134-1812 | AT&T<br>PO Box 105503<br>Atlanta, GA 30348-5503 |
| Berkeley Research Group, LLC<br>2200 Powel Street, Ste. 1200<br>Emeryville, CA 94608-1833 | Bioscrip Pharmacy Services Inc.<br>2795 Charter St.<br>Columbus, OH 43228-4607 |
| McKesson Medical Surgical<br>Attn: Carrie Lloyd<br>9954 Mayland Drive, Suite 4000<br>Richmond, VA 23233 | Boston Scientific<br>ACCS PAY<br>PO Box<br>Canton, MA 02021-9188 |
| Rockdale Co. Tax Com'r<br>Attn: R.J. Hadley<br>PO Box 1497<br>Conyers, GA 30012 | Castle Med. Laboratory<br>5700 Highlands Pkwy SE<br>Ste. 100<br>Smyrna, GA 30082-5142 |

| | |
|---|---|
| Emerald Healthcare Management Serv.<br>7 Arnage Dr.<br>Chesterfield, MO 63005-1357 | Delta Community Credit Union<br>c/o Heather D. Bock, Esq.<br>McCalla Raymer, LLC<br>1544 Old Alabama Road<br>Roswell, Georgia 30076 |
| King & Spalding, LLP<br>PO Box 116133<br>Atlanta, GA 30368-6133 | MD One Services, LLC<br>c/o Kimberly Childs, Esq.<br>2727 Paces Ferry Rd. SE #1-225<br>Atlanta, GA 30339-6168 |
| Oldenburg & Stiner, PC<br>2004 Commerce Dr. N. Ste. 200<br>Peachtree City, GA 30269-3564 | eLab Solutions Corporation<br>Attn: David Vance Lucas<br>610 Airport Road<br>Suite 200<br>Huntsville, AL 35801 |
| Phoenix Technology<br>1194 Buckhead Xing, Ste D<br>Woodstock, GA 30189-4291 | SE Medical Systems<br>1740 Hudson Bridge Rd. Ste. 1114<br>Stockbridge, GA 30281-6331 |
| Internal Revenue Service<br>Attn: B. Peterson<br>401 W. Peachtree Street NW<br>M/S 334-D<br>Atlanta, GA 30308 | Stericycle, Inc.<br>PO Box 6582<br>Carol Stream, IL 60197-6582 |
| Stericycle, Inc.<br>c/o A.R.M. Solutions, Inc.<br>PO Box 2929<br>Camarillo, CA 93011-2929 | Weyant Enterprises, Inc.<br>d/b/a Southern Signal<br>855 Marathon Pkwy Ste. 2<br>Lawrenceville, GA 30046-2911 |

| | |
|---|---|
| Weyant Enterprises, Inc.<br>c/o Cantley Atlanta Law Group PC<br>1180 W. Peachtree St. NW #2450<br>Atlanta, GA 30309-3484 | Foot Pain, LLC<br>c/o Parkside Mgmt<br>1100 Commerce Dr. Ste A<br>Peachtree City, GA 30269-3535 |
| Anthony T. Clavo<br>1930 W. Wesley Rd. NW<br>Atlanta, GA 30327-2022 | |