UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| SOUTHERN PAIN INSTITUTE, P.C., and | ) | CONSOLIDATED UNDER |
| LAGNIAPPE, LLC, | ) | CASE NO. 15-11593-WHD |
| [Substantively Consolidated] | ) | |
| | ) | |
| DEBTORS. | ) | |

# REQUEST FOR STATUS CONFERENCE AND
# DATE CERTAIN FOR SUBMISSION OF TRUSTEE'S FINAL REPORT

COMES NOW Nancy J. Gargula, United States Trustee for Region 21, and respectfully requests the Court (1) schedule a conference for the chapter 7 trustee to report on the status of this case and (2) set a date certain by which the chapter 7 trustee must submit his final report for review by the United States Trustee.

**Summary of Relief Requested**

1.

Bankruptcy Code section 105(a) empowers the Court to issue any order that is necessary or appropriate to carry out the provisions of title 11.

2.

Bankruptcy Code section 105(d)(1) provides that, on request of a party in interest, the Court shall hold such status conferences as necessary to further the expeditious and economical resolution of the case.

3.

Bankruptcy Code section 105(d)(2) authorizes the Court to issue an order at any such status conference prescribing such limitations and conditions as the Court deems appropriate to ensure the case is handled expeditiously and economically.

4.

The United States Trustee is a party in interest and may raise and may appear and be heard on any issue in any case of proceeding under title 11.  11 U.S.C. § 307.

5.

The United States Trustee respectfully requests the Court schedule and conduct a status conference for the chapter 7 trustee to report on the status of this case.  The United States Trustee further requests the Court set a date certain by which the chapter 7 trustee must submit his final report for review by the Office of the United States Trustee.

## Course of Proceeding

6.

Southern Pain Institute P.C. commenced this case on July 24, 2015, by filing a petition for relief under chapter 11 of the United States Bankruptcy Code.

7.

On February 22, 2016, the Court entered an order directing the United

States Trustee to appoint a chapter 11 trustee. (Dkt. No. 64)

8.

On February 23, 2016, the United States Trustee filed notice and an application for approval of the appointment of John A. Thomson, Jr., and Mr. Thomson filed his acceptance of the appointment. (Dkt. Nos. 66, 67, and 68)

9.

On November 15, 2017, the United States Trustee moved to convert the case to chapter 7. (Dkt. No. 213) On December 28, 2017, the Court granted the motion and on January 13, 2019, the United States Trustee appointed John Thomson as chapter 7 trustee. (Dkt. Nos. 231 and 233)

## Chapter 7 Trustee's Duties

10.

Bankruptcy Code section 704(a)(1), provides that the chapter 7 trustee shall collect and reduce to money the property of the estate and close such estate as expeditiously as is compatible with the best interests of parties in interest.

11.

Bankruptcy Code section 704(a)(2) requires the trustee be accountable for all property received.

12.

Bankruptcy Code section 704(a)(7) requires the trustee furnish such

information concerning the estate and the estate's administration as is requested by a party in interest.

13.

Bankruptcy Code section 704(a)(9) requires the trustee make a final report and final account of the administration of the estate with the Court and with the United States Trustee.

14.

To properly perform these duties and to effectively administer an asset case, all trustees must use a uniform record keeping and reporting system that has been established by the United States Trustee Program. This system includes the following mandatory reports:

1. Individual Estate Property Record and Report (Form 1)

2. Cash Receipts and Disbursements Record (Form 2); and

3. Summary Interim Asset Report (Form 3).

15.

The instructions for completing Forms 1, 2, and 3 are contained in the Handbook Supplementary Materials at: https://www.justice.gov/ust/private-trustee-handbooks-reference-materials.

**Form 1**

The Individual Estate Property Record and Report (Form 1) provides a

blueprint for each asset case. It details all estate assets, both scheduled and unscheduled, and reflects the status of their disposition. It compares the debtor's opinion of each scheduled asset's value, the trustee's estimated net value to the estate for each estate asset, and the actual value realized by the trustee. It also supports the decision regarding administration of each asset. For assets not administered, Form 1 reflects abandonments, whether past or future, formal or informal. For assets administered or to be administered, Form 1 reflects amounts realized and the anticipated remaining value of assets not completely liquidated. In a case converted from another chapter, assets reported in the final report required by FRBP 1019(5), or in any schedules submitted post-conversion, should be listed. If no such report or schedules are filed, the assets remaining in the case are to be listed. Form 1 should list all property of the estate not administered by the prior trustee or debtor in possession, as well as the funds on hand at the time of conversion. The trustee should maintain a record in the estate file describing how the assets listed on Form 1 were determined. To create this record, the trustee could annotate the original schedules to indicate which assets remained at the time of conversion.

**Form 2**

The Estate Cash Receipts and Disbursements Record (Form 2) is a combination checkbook/journal. A separate Form 2 is maintained for each

checking account, money market account, savings account, and/or Certificate of Deposit that is opened on behalf of the bankruptcy estate. It shows all receipts, disbursements, and bank account transfers for each account. All transactions must be entered on Form 2, in chronological order, as soon as they occur. The trustee should not wait and enter transactions from the monthly bank statements. No Form 2 is necessary until the bank account is opened.

If the trustee is serving in a case converted from another chapter, Form 2 should begin with the balance turned over by the previous trustee or debtor in possession.

## Trustee's Final Report

15.

When a case is ready to be closed, the trustee must prepare and submit a Trustee's Final Report ("TFR") to the United States Trustee for review. The TFR must be signed by the trustee under penalty of perjury and certify that all assets have been liquidated or properly accounted for and that funds of the estate are available for distribution. The TFR must be prepared as soon as all monies have been collected, all claims have been reviewed or determined by the court, and the bar date has expired for creditors to file claims. The report must be submitted prior to any distribution of funds to creditors, unless the trustee has previously made an interim distribution pursuant to a court order. In any event, a TFR must be submitted before final distribution of all funds in the case.

17.

The TFR consists of the Individual Estate Property Record and Report (Form 1); the Cash Receipt and Disbursement Record (Form 2); and the proposed distribution report.  The TFR summarizes all actions taken by the trustee to administer the case.  In addition, each report must:

    a.    request payment of the trustee's compensation and expenses and any unpaid professional fees and expenses; and

    b.    report the trustee's actions on claims or their disposition.

18.

For cases with gross receipts of $25,000 or less, the trustee must provide to the United States Trustee the bank statement(s) showing that the balance in the estate account(s) matches the remaining balance on hand per the TFR.  For cases with gross receipts greater than $25,000, all original bank statements and canceled checks (from all estate accounts) must be provided. 28 U.S.C. § 586.

19.

Any outstanding final applications for professional compensation and expenses should also be provided along with the TFR.  The TFR enables the United States Trustee and any other party in interest to determine how the trustee proposes to disburse the funds.

20.

If the net proceeds realized in the estate exceed the amount specified in Fed. R. Bankr. P. 2002(f)(8), the trustee also must submit a Notice of Final Report (NFR) to the United States Trustee along with the TFR. Pursuant to Fed. R. Bankr. P. 2002(f), the Clerk, the Clerk, or some other person as the court may direct, is required to notice all creditors with a summary of the final report before the trustee actually makes the distribution to creditors. The notice informs creditors that the TFR for the case is on file with the Clerk of the Bankruptcy Court, that the trustee and other professionals have applied for compensation in given amounts, that the money on hand will be distributed to creditors in accordance with the bankruptcy priority laws, and that the creditors have a right to object.

21.

The TFR must set forth the distributions to be made under Bankruptcy Code section 726.

22.

The United States Trustee reviews the TFR to assess whether the trustee has properly and completely administered estate property. Deficiencies in the trustee's administration or other problems or mistakes will be brought to the trustee's attention for corrective action. Upon completion of this review, the United States

Trustee files the TFR with the Court.

### Trustee's Delay in Submitting Report

23.

Upon information and belief, the estate is fully administered.

24.

The Office of the United States has communicated with the trustee regarding his reporting requirements, including the following communications.

- On February 6, 2018, the Office of the United States Trustee requested John Thomson read the *Handbook for Chapter 7 Trustees* and the related reference materials and provided a hyperlink for accessing these materials.

- On February 21, 2018, the Office of the United States Trustee transmitted information and instructions to John Thomson regarding the preparation of interim and final reports, including Form 1 and Form 2, and a hyperlink to the Trustee Final Report Generation System.

- In May 2018, the Office of the United States Trustee requested Mr. Thomson report on his progress in preparing the interim and final reports.

- In August 2018, the Office of the United States Trustee requested Mr. Thomson report on the status of the case.

- In September 2018, the Office of the United States Trustee requested Mr. Thomson report on his progress in preparing the interim and final reports.

Mr. Thomson indicated he would file an interim report during the first week of October.

- On December 11, 2018, the Office of the United States Trustee sent an email urging the trustee to submit his final report by year end.

- On January 29, 2019, the trustee notified the United States Trustee that he intended to file a motion to close the case and a notice of no distribution. In an email reply, counsel for the United States Trustee reminded Mr. Thomson that he cannot not close the case by motion and that a final report is required.

- On February 1, 2019, the Office of the United States Trustee provided the trustee with a hyperlink to the Trustee Final Report Generation System. (The same hyperlink provided to the trustee in February 2018.)

- On February 2, 2019, the Office of the United States trustee transmitted information and instructions to the trustee regarding preparation and submission of the TFR.

- On April 30, 2019, the United States Trustee requested the trustee report the estate's bank account balances.

## Relief Requested

25.

The United States Trustee respectfully requests the Court (1) schedule and convene a conference for the chapter 7 trustee to report on his progress in

preparing mandatory reports and (2) set a date certain by which the trustee must submit his reports to the United States Trustee.

NANCY J. GARGULA
United States Trustee, Region 21

*s/ Jeneane Treace*
R. Jeneane Treace
Georgia Bar No. 716620
United States Department of Justice
Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, S.W.
Atlanta, Georgia  30303
(404) 331-4437
jeneane.treace@usdoj.gov

**CERTIFICATE OF NEF SERVICE**
**PURSUANT TO GENERAL ORDER 25-2018**

I certify that on June 17, 2019, I will electronically file this pleading using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program. The following is the list of parties who are currently on the list to receive email notice/service for this case.

- Heather D. Bock     heather.bock@mccalla.com, bankruptcyecfmail@mccalla.com;BankruptcyECFMail@mrpllc.com
- Jody Charles Campbell     JCA-ECF-Notifications@rubinlublin.com;bjockers@rubinlublin.com
- Bret J. Chaness     bchaness@rubinlublin.com, BJC-ECF-Notifications@rubinlublin.com
- H. Tucker Dewey     tdewey@deweylawfirm.com
- David A. Geiger     david@geigerlawllc.com, admin@geigerlawllc.com
- H. Matthew Horne     matt@newnanlaw.com, karen@newnanlaw.com
- Anna Mari Humnicky     annahumnicky@gmail.com
- A. Michelle Hart Ippoliti     Michelle.ippoliti@mccalla.com, bankruptcyecfmail@mccalla.com
- Benjamin S. Klehr     jpenston@cpmas.com
- Cameron M. McCord     cmccord@joneswalden.com, jwdistribution@joneswalden.com;ljones@joneswalden.com;ahirsch@joneswalden.com;cparker@joneswalden.com;lbrown@joneswalden.com;lpineyro@joneswalden.com
- Victor W. Newmark     bankruptcy@evict.net, vnewmark@evict.net
- Michael Brian Pugh     mpugh@tokn.com
- Scott B. Riddle     scott@scottriddlelaw.com, admin@scottriddlelaw.com
- Brett A. Switzer     bswitzer@bakerdonelson.com, lgoforth@bakerdonelson.com
- R. Michael Thompson     mthompson@tokn.com
- John A. Thomson     John.Thomson@arlaw.com, Lianna.Sarasola@arlaw.com
- John A. Thomson     john.thomson@arlaw.com, lianna.sarasola@arlaw.com;vernesia.johnson@arlaw.com
- Eric E. Thorstenberg     ethorstenberglaw@gmail.com, eetesq@gmail.com
- John T. Vian     jvian@sgrlaw.com

*s/ Jeneane Treace*
R. Jeneane Treace
Georgia Bar No. 716620
